# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SIGMOND R. DILLARD, | Case No. 3:20-cv-177 |
| Plaintiff, | Magistrate Judge Sharon L. Ovington |
| vs. | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

# DECISION AND ENTRY

## I. Introduction

In August 2016, Plaintiff Sigmond R. Dillard filed an application for Supplemental Security Income. The claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Deborah F. Sanders concluded that he was not eligible for benefits because he is not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review.

Plaintiff subsequently filed the present action. He seeks a remand for benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision.

The case is before the Court upon Plaintiff's Statement of Errors (Doc. No. 6), the Commissioner's Memorandum in Opposition (Doc. No. 9), Plaintiff's Reply (Doc. No. 10), the administrative record (Doc. No. 5), and the record as a whole.

**II.     Background**

Plaintiff asserts that he has been under a "disability" since October 1, 2012. Plaintiff was fifty-six years old on the alleged disability onset date. Accordingly, he was considered a "person of advanced age" under Social Security Regulations. *See* 20 C.F.R. § 416.963(d). He has at least a high school education.

The evidence of record related to Plaintiff's impairments is sufficiently summarized in the ALJ's decision (Doc. No. 5-2, PageID 21-35), Plaintiff's Statement of Errors (Doc. No. 6), the Commissioner's Memorandum in Opposition (Doc. No. 9), and Plaintiff's Reply (Doc. No. 10). Rather than repeat these summaries, the Court will focus on the pertinent evidence in the discussion below.

**III.    Standard of Review**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. 405(g). The term "disability"— as defined by the Social Security Act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. 405(g); *see Bowen,* 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**IV.** <u>**The ALJ's Decision**</u>

As noted previously, it fell to ALJ Sanders to evaluate the evidence connected to Plaintiff's application for benefits. She did so by considering each of the five sequential

3

steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. She reached the following main conclusions:

> Step 1: Plaintiff has not engaged in substantial gainful activity since his application date, August 29, 2016.
>
> Step 2: He has the severe impairments of type II diabetes mellitus with nephropathy and degenerative joint disease of the right AC joint.
>
> Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: His residual functional capacity, or the most he could do despite severe mental or physical impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of medium work…subject to the following limitations: (1) could stand and/or walk about 6 hours during an 8-hour workday and could sit about 6 hours during an 8-hour workday, (2) could sit for up to 5 minutes, after 45 minutes of standing and/or walking, before returning to standing/walking, (3) could frequently push/pull with the nondominant right upper extremity, and (4) could frequently reach overhead with the nondominant right upper extremity.
>
> Step 4: He is capable of performing his past relevant work as a cook helper.

(Doc. No. 10-2, PageID 23-34). These main findings led the ALJ to ultimately conclude that Plaintiff was not under a benefits-qualifying disability. *Id.* at 35.

## V. Discussion

The present case revolves around the Step Four determination that Plaintiff is capable of performing his past relevant work as a cook helper. Plaintiff asserts that he does not have the residual functional capacity to perform this work due to his degenerative joint disease. For the reasons set forth below, Plaintiff's asserted error is without merit.

4

A five-step sequential evaluation process is utilized to determine whether an individual is disabled under the Social Security Act. 20 C.F.R. § 416.920(a). The burden is on the claimant through Step Four, and at Step Four, the claimant must prove "the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work..." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). "To satisfy this burden, a claimant must show that he or she cannot perform his or her past relevant work as 'actually performed' *and* as 'generally required by employers throughout the national economy.'" *Smallwood v. Comm'r of Soc. Sec.*, No. 2:16-cv-1166, 2017 WL 4944522, at *6 (S.D. Ohio Jan. 22, 2018) (Vascura, M.J.), report and recommendation, adopted, 2018 WL 1512907, at *1 (S.D. Ohio Mar. 27, 2018) (Sargus, D.J.) (emphasis added) (citing SSR 82-61, 1982 WL 31387, at *2 (1982); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002).

In the present case, Plaintiff was found capable of performing his past relevant work as a cook helper as generally performed in the national economy, but not as he actually performed it. (Doc. No. 5-2, PageID 34). His past work as generally performed was classified as medium work—therefore, he was capable of performing such work in accordance with his residual functional capacity. *Id.* On the contrary, his past work as a cook helper as he actually performed it was considered heavy work. *Id.*

As related to his degenerative joint disease of the right AC joint, Plaintiff's residual functional capacity limited him to frequent pushing/pulling with his nondominant right upper extremity and frequent overhead reaching with his nondominant right upper extremity. (Doc. No. 5-2, PageID 28). Plaintiff argues these limitations are insufficient to

5

accommodate his impairments. Yet, the evidence of record supports these limitations. The record reflects Plaintiff experienced pain when he tried to lift his arm over his head, and that he struggled to reach overhead past 90 degrees. (Doc. No. 5-7, PageID 341) (Doc. No. 5-10, PageID 1082). However, his condition improved with physical therapy. After several treatment sessions, he reported he was "feeling the best he has felt in a long time," and his normal pain was "gone." (Doc No. 5-10, PageID 1096, 1103).

Plaintiff further argues that greater reaching limitations were warranted, such as restrictions for reaching in other directions, but this too is contrary to his treatment records. Plaintiff reported during his physical therapy treatment that his shoulder "never hurts, except when [he goes] into certain positions overhead." *Id.* at 1099. He also stated that he "only [has] pain with overhead reaching." *Id.* at 1106. Plaintiff later reported difficulty reaching into cabinets, tucking in his shirt and drying his back, but related treatment records reflect that he was "able to lift arm overhead with minimal increase in pain" and that he had improved shoulder range of motion. *Id.* at 1116, 1124, 1145. Likewise, he had "improved tolerance to overhead activities," and "improved daily pain." *Id.* at 1128.

Other evidence of record also cuts against his claim that greater limitations were needed. Plaintiff reported engaging in physical activities such as lifting a stove by himself and mowing the lawn. (Doc. No. 5-7, PageID 344, 348). In the decision, the ALJ observed that "[e]ngaging in such physically strenuous activities suggests [he] is not as physically limited as he reported." (Doc. No. 5-2, PageID 32). This is not unreasonable.

Substantial evidence supports the determination that he is capable of performing his past work as generally performed. *See Varley v. Sec'y of HHS*, 820 F.2d 777, 779 (6th Cir.

1987) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question but only if the question accurately portrays [the claimant's] individual physical and mental impairments.") (citations omitted) (internal quotations omitted). The vocational expert testified that an individual like Plaintiff would be capable of performing past relevant work as a cook helper in accordance with the Dictionary of Occupational Titles, but not as performed due to lifting restrictions. (Doc. No. 5-2, PageID 73). The vocational expert provided this testimony in response to a hypothetical that accurately portrayed Plaintiff's physical and mental impairments. *Id.* at 71-73. The accepted hypothetical mirrors the residual functional capacity assessment. Additionally, the vocational expert affirmed her testimony was consistent with the Dictionary of Occupational Titles, and that her opinions on limits not clearly addressed in the Dictionary of Occupational Titles were based upon her experience. *Id.* at 75. Accordingly, the ALJ reasonably relied on the vocational expert's testimony at Step Four.

In addition, Plaintiff has not demonstrated he is incapable of performing the duties of a cook helper as set forth in the Dictionary of Occupational Titles. In fact, he does not specifically address these duties at all. A cook helper:

> Assist workers engaged in preparing foods for hotels, restaurants, or ready-to-serve packages by performing any combination of following duties: Washes, peels, cuts, and seeds vegetables and fruits. Cleans, cuts, and grinds meats, poultry, and seafood. Dips food items in crumbs, flour, and batter to bread them. Stirs and strains soups and sauces. Weighs and measures designated ingredients. Carries pans, kettles, and trays of food to and from work stations, stove, and refrigerator. Stores foods in designated areas, utilizing knowledge of temperature requirements and food spoilage. Cleans work areas, equipment and utensils, segregates and removes garbage, and steam-cleans or hoses garbage containers. Distributes supplies, utensils, and portable equipment, using handtruck.

7

*See* Cook Helper, DICOT 317.687-010, 1991 WL 672752.  Plaintiff has not identified any basis for why he would be incapable of performing these duties, and it does not appear that his residual functional capacity would preclude him from being capable of such tasks.

Plaintiff seems to contend that it was unreasonable for the ALJ to find him capable of performing his past work as generally performed because he was not capable of performing that work as he actually performed it.  Yet, these determinations are not interdependent.  The burden is on the Plaintiff to demonstrate that he cannot perform his past relevant work—both as he actually performed it and as generally performed in the national economy.  *See Smallwood*, 2017 WL 4944522, at *6.  He did not meet this burden.

For these reasons, the Step Four determination as to Plaintiff's ability to perform his past relevant work as a cook helper as generally performed in the national economy is supported by substantial evidence.  Thus, Plaintiff's Statement of Errors is not well-taken.

**IT IS THEREFORE ORDERED THAT**:

1. The Commissioner's non-disability finding is affirmed;
2. The case is terminated on the docket of this Court.

September 24, 2021  *s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge